**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2012

Lyle W. Cayce
Clerk

No. 11-50767
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUTILIO HERNANDEZ-OCHOA, also known as Rutilio Hernandez-Ochou,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1183-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rutilio Hernandez-Ochoa was convicted of one charge of illegal reentry into the United States and received a within-guidelines sentence of 46 months in prison and a three-year term of supervised release.  In this appeal, he argues that his sentence is substantively unreasonable because his history and circumstances counsel in favor of a lesser sentence.  Because Hernandez-Ochoa did not object to the reasonableness of his sentence in the district court, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review this argument for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Our review of the record, the parties' filings, and pertinent jurisprudence establishes that Hernandez-Ochoa has not shown error, much less plain error, in connection with this challenge to his sentence.  This is because his arguments on this issue do not establish that the district court gave too little weight to an important sentencing consideration or gave too much weight to an unimportant consideration.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Rather, his contentions amount to no more than a disagreement with the propriety of the sentence, which does not suffice to show error concerning it.  *See id.*; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Additionally, Hernandez-Ochoa's arguments may fairly be read as a request that this court reweigh the § 3553(a) factors.  This request should be denied.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Finally, Hernandez-Ochoa's challenge to the rebuttable presumption of reasonableness accorded his within-guidelines sentence is, as he concedes, unavailing under our precedent.  *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

AFFIRMED.